IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

TYLER J. KENNEDY,               )
                                )
            Petitioner,         )
                                )
       v.                       )       No. 1:24-CV-00072-AGF
                                )
UNITED STATES OF AMERICA,       )
                                )
            Respondent.         )

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Tyler J. Kennedy's motion filed

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  On January 18,

2019, Petitioner pled guilty to three counts of a four-count superseding indictment.

Counts II charged Petitioner with possession of methamphetamine with the intent to

distribute on January 19, 2018, in violation of 21 U.S.C. § 841(a)(1), and Count III

charged Petitioner with possession of firearms in furtherance of a drug trafficking crime,

related to his conduct in Count II, in violation of 21 U.S.C. § 924(c).  Count IV charged

Petitioner with possession of methamphetamine with intent to distribute on June 25,

2017.  The government agreed to dismiss Count I in connection with the plea.  The Court

accepted Petitioner's plea, and on April 19, 2019, sentenced Petitioner to 200 months'

imprisonment: 140-months on each of Counts II and IV, to be served concurrently and

the mandatory minimum sentence of 60-months on Count III, to be served consecutively.

In his pro se motion under § 2255, Petitioner claims his conviction and sentence

under Count III are illegal because 21 U.S.C § 924(c) is duplicitous and Count III charges

a nonexistent federal offense because it omitted a specific subsection to trigger the five-year mandatory minimum penalty.

As the record conclusively demonstrates that Petitioner is not entitled to relief, the Court will deny Petitioner's § 2255 motion and without an evidentiary hearing.

## BACKGROUND

**Criminal Proceedings**

### A. Facts Giving Rise to Indictment

As part of the guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. *United States v. Kennedy*, Case No. 1:18-cr-00065-AGF.[1]  On June 25, 2017, Missouri State Highway Patrol Officer Talburt stopped a pickup truck in Butler County, Missouri, for a missing front license plate.  As Officer Talburt was pulling the truck over, he observed the driver throw an object out the window of the truck.  The driver was Tyler J. Kennedy.  During the traffic stop, the officer searched the truck, finding a Clerke, .32 caliber revolver in a bag in the bed of the truck.  Two baggies of marijuana were found in the cab of the truck.  Officer Talburt searched the area where the item had been thrown from the truck and discovered a baggie that contained methamphetamine.  The laboratory determined that the substance was 3.46 grams of methamphetamine.

On January 19, 2018, officers were looking for Kennedy in Dunklin County, Missouri, to arrest him on an outstanding state arrest warrant.  Officer Pam Buchanan

---

[1]      References to Petitioner's criminal case are designated as "Crim. ECF No. ___").

2

observed Kennedy leave a residence and enter a black vehicle, then drive away.  Officers

stopped the vehicle, finding that Kennedy was the driver.  The officers obtained a search

warrant to search the residence that Kennedy had departed from.  The homeowner to that

residence identified a room that Kennedy occupied.  In that room, the officers found, and

seized, a baggie containing methamphetamine.  The crime lab determined that the

substance was 18.98 grams of methamphetamine.

The officers also found two firearms in Kennedy's room.  The first firearm was a

Cobra, .22 magnum caliber derringer loaded with two rounds of ammunition.  The second

firearm was a North American Arms, .22 caliber revolver loaded with two rounds of

ammunition.

Kennedy was interviewed and admitted that the methamphetamine and the two

firearms were his.

### B.  Procedural History

 Petitioner was initially indicted on May 8, 2018, for his conduct on January 19,

2018, and charged with one count of possessing a firearm as a previously convicted felon,

in violation of 18 U.S.C. § 922(g)(1), and counsel was appointed to represent him.  Crim.

ECF Nos. 6, 11.  On June 12, 2018, the Superseding Indictment was filed, adding the two

counts of possessing methamphetamine with intent to distribute for his conduct on

January 19, 2018 and June 25, 2017 (Counts II and IV, respectively), and one count of

possessing firearms in furtherance of a drug trafficking crime related to the conduct

charged in Count II (Count III).  Crim. ECF No. 23.  On August 27, 2018, Petitioner,

through counsel, waived all pretrial motions.  Crim. ECF No. 41.  The waiver of motions

3

recited, in part, "Counsel has personally discussed this matter with the Defendant and the Defendant agrees and concurs in the decision not to raise any issues by way of pre-trial motions." *Id.* Petitioner also waived his right to a speedy trial. Crim. ECF No. 45. The Court accepted the waivers and set a change of plea hearing for December 14, 2018. Crim. ECF No. 46.

On January 18, 2019, Petitioner pled guilty to Counts II, III, and IV, pursuant to a binding written plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C). In exchange, the government agreed to not bring further prosecution relating to Petitioner's conduct giving rise to Counts II and IV, and to dismiss Count I. As part of the binding plea agreement, the parties agreed to a more lenient sentence of between 200 and 220 months' imprisonment. The agreement recognized that this would require a downward variance from the applicable Sentencing Guideline range. Crim. ECF No. 61 at 1–2. The plea agreement recited that the elements for Count III were "One, the defendant committed the crime of Possession of Methamphetamine with the intent to Distribute; and Two, the defendant knowingly possessed a firearm in furtherance of that crime." *Id.* at 3.

The agreement also contained a waiver of appeal in which the parties agreed to "waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which the defendant is pleading guilty and whether defendant's conduct falls within the scope of the statutes(s)." Petitioner also agreed "to waive all right to contest the conviction or sentence in any post-conviction proceeding,

including one pursuant to Title 28, United States Code, Section 2255, except for claims

of prosecutorial misconduct or ineffective assistance of counsel." *Id.*   Petitioner's plea

was conditionally accepted, and sentencing was scheduled for March 29, 2019.  Crim.

ECF No. 64.

Petitioner accepted the preliminary presentence investigation report on April 5,

2019, (Crim. ECF No. 69), and the final Presentence Report ("PSR") was filed on April

12, 2019.  Crim. ECF No. 71.  With respect to the charges, the PSR recited that Count III

charged possession of a firearm in furtherance of a drug trafficking crime, "in violation of

18 U.S.C. § 924(c)(1)(A)."  Crim. ECF No. 71 at 4; *see also* 21.   Defendant was

determined to be a career offender, with a sentencing guideline range of 262–327 months.

The PSR recognized that if Petitioner had been convicted of Count I, he would have been

subjected to a mandatory minimum sentence of 15 years, as an Armed Career Criminal.

Consistent with the terms of the binding plea agreement, Petitioner was sentenced

on April 19, 2019, to 200 months' imprisonment: a 140-month sentence on each of

Counts II and IV, to be served concurrently and a mandatory minimum sentence of 60-

month sentence on Count III, to be served consecutively.  Crim. ECF No. 75.  This was a

substantial downward variance from the sentencing guideline range.  Petitioner signed a

notice acknowledging that he had been advised of his right to appeal the final judgment,

and did not wish to file a notice of appeal.  Crim. ECF No. 77.   No appeal was filed.

The docket sheet reflects that Petitioner requested a copy of the docket sheet and plea

agreement, and copies were sent to him on July 8, 2019.  Crim. ECF No. 78.

**Motion to Vacate**

As noted above, Petitioner filed his pro se § 2255 motion on April 8, 2024, almost five years after the judgment was entered.  In his motion, Petitioner claims his conviction and sentence as to Count III is illegal because 21 U.S.C § 924(c) is duplicitous.  He also claims that Count III charges a nonexistent federal offense because it omitted a specific subsection to trigger the five-year mandatory minimum penalty.   ECF Nos. 1, 6.  The latter contention appears to arise from a typographical error in the superseding indictment, which asserts that Count III is punishable under "Title 18 United States Code, Section 924(c)(1)(i)," but should have referenced Section 924(c)(1)(A)(i).  In other words, the reference to subsection A of 924(c) was erroneously omitted.  While Petitioner recognizes that his motion was filed outside the limitations period, he asserts that the exceptions for actual innocence and miscarriage of justice apply.  The government filed its response on May 30, 2024, arguing that Petitioner's claim is waived by his plea agreement and, alternatively, that his motion is untimely under § 2255.  ECF No. 5.  Petitioner filed a reply, reasserting his actual innocence based on his arguments related to the indictment.

## DISCUSSION

**Legal Standard**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by

law, or is otherwise subject to collateral attack."  Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the "decision to be bound by the provisions of the plea agreement, including the waiver provisions."  *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000).

As noted above, Petitioner contends that his conviction under Count III is duplicitous and fails to charge a federal offense within the language of the Indictment. The government asserts that Petitioner's claim is barred by waiver and, alternatively, is untimely.  The Court will address the waiver issue first.

## A.    Petitioner's Claim is Barred by Waiver

"As a general rule, a defendant is allowed to waive appellate rights."  *United States v. LaBelle*, No. 24-1041, 2025 WL 1096729, at *6 (8th Cir. Apr. 14, 2025) (quoting *United States v. Guice*, 925 F.3d 990, 992 (8th. Cir. 2019)).  This includes "a waiver of collateral-attack rights."  *DeRoo*, 223 F.3d at 923. "When reviewing a purported waiver, [the Court] must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily."  *United States v. Andis*, 333 F.3d 886, 889–90.  (8th Cir. 2003) (en banc). The government bears the burden to establish that (1) the claim is within the scope of the waiver; (2) that the defendant entered into the waiver knowingly and voluntarily; and (3) that a dismissal "would not result in a miscarriage of justice."  *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007).  Thus, even if the other conditions are met, the Court will not enforce a waiver when doing so would result in a miscarriage of justice.  *Andis*, 333 F.3d at 890.

7

### 1.  Scope of the Waiver

The Court finds that Petitioner's claim falls within the scope of the waiver. As set forth above, Petitioner's plea agreement included a section involving a waiver of post-conviction rights, specifically stating that Petitioner "agree[d] to waive all rights to contest the conviction or sentence in any-post conviction proceeding . . . except for claims of prosecutorial misconduct or ineffective assistance of counsel."  Crim. ECF No. 61 at 7.  Petitioner's single claim fails to allege either.  He merely contends that he stands "actually-innocent" as to Count III, and that he cannot waive his right to appeal an illegal sentence.  ECF No. 6 at 3.  Nowhere does he assert any claims of either ineffective assistance of counsel or prosecutorial misconduct.

### 2.  Knowingly and Voluntarily

The plea agreement and waiver were also entered into knowingly and voluntarily. Although neither party requested a transcript of the plea hearing, Petitioner acknowledged in his plea agreement that it was entered knowingly and voluntarily, and his plea was conditionally accepted following a colloquy in open court.  Crim. ECF No. 61 at 10–11.  Again, Petitioner does not contend otherwise in his motion.

Additionally, Petitioner was fully aware of the charge brought against him in Count III and the statutory minimum it carried.  ("The defendant also fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least five (5) years.").  *Id*. at 6.  Unlike the defendant in the *Gray* case cited by Petitioner, who was misinformed "at every stage[]" as to the correct statute

8

of his conviction, *Gray v. United States*, 833 F.3d 919 (8th Cir. 2016), the record here

suggests Petitioner was aware of the underlying statute in Count III. *See* Crim. ECF No.

61 at 6. Further, the plea agreement was supported by consideration: the government

agreed to drop one count in exchange for his guilty plea, and to a binding agreement for a

below-guidelines sentence. *See United States v. Gray*, 528 F.3d 1099, 1102 (8th Cir.

2008) (finding the petitioner entered into a plea agreement knowingly and voluntarily

where the government agreed to dismiss two counts). The record conclusively shows that

Petitioner understood the nature of the plea agreement, including the waiver, and what he

would be receiving in return. *See* Crim. ECF No. 61 at 9–10. The Court thus concludes

Petitioner knowingly and voluntarily entered into the plea agreement and waiver.

### 3. Miscarriage of Justice

Petitioner's motion relies on his contention that a dismissal would result in a

miscarriage of justice, but the Court does not agree. "The miscarriage-of-justice

exception is a narrow one that arises in only limited contexts," *United States v. Williams*,

81 F.4th 835, 840 (8th Cir. 2023) (citation and internal quotation marks omitted), such as

to prevent an appeal waiver from barring an appeal of an illegal sentence or ineffective

assistance of counsel. *United States v. D.B.*, 61 F.4th 608, 613 (8th Cir. 2023). The

Supreme Court has also held that a petitioner's "actual innocence" qualifies as a

miscarriage-of-justice exception. *Schulp v. Delo*, 513 U.S. 298, 321 (1995). Here

Petitioner asserts that the sentence imposed was illegal because the indictment is

duplicitous and does not properly assert a crime carrying a five-year minimum sentence,

and that he is therefore actually innocent. But these arguments have no merit.

To begin, Petitioner brings a collateral attack of "actual innocence" as to Count III. "In order to establish a valid claim of actual innocence, a defendant must show factual innocence, not simply legal insufficiency of evidence to support a conviction." *Shockley v. Crews*, 696 F. Supp. 3d 589, 631 (E.D. Mo. 2023) (quoting *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001)). To succeed, a defendant must establish that, "*in light of new evidence*, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* (citations and internal quotation marks omitted) (emphasis added). Assuming Petitioner did not waive the right to raise this claim, he still fails to demonstrate actual innocence as he has introduced no new evidence and he focuses the entirety of his motion on establishing the legal insufficiency of his conviction. *See generally* ECF Nos. 1, 6 (arguing that Count III contained an error and was duplicitous). As such, Petitioner has not demonstrated actual innocence.

An illegal sentence is one imposed without, or in excess of statutory authority. *Sun Bear v. United States*, 644 F.3d 700, 705 (8th Cir. 2011) (citations omitted). "The illegal sentence exception to the general enforceability of an appeal waiver is an extremely narrow exception," and "[a]ny sentence imposed within the statutory range is not subject to appeal." *Andis*, 333 F.3d at 892.

Petitioner first argues his sentence is illegal because his conviction under § 924(c) is duplicitous, as the statute criminalizes both the possession of a firearm and the carrying and use of a firearm, in violation of his Fifth and Sixth Amendment rights. ECF No. 1 at 5. Section 924(c) as applicable includes two offenses: one requiring that the defendant used or carried a firearm in furtherance of a drug trafficking crime, and the second merely

10

requiring possession of a firearm in furtherance of a drug trafficking crime.  18 U.S.C. §

924(c)(1)(A); *United States v. Gill*, 513 F.3d 836, 850 (8th Cir. 2008) (citing *United

States v. Gamboa*, 439 F.3d 796, 810 (8th Cir. 2006)).

      While § 924(c) lists multiple crimes within the subsection, it does not follow that

any indictment under § 924(c) is duplicitous.  *See* Fed. R. Crim. P. 12(b)(3)(B)(i)

(duplicity exists when an indictment joins two or more offenses in the same count).  In

Count III, Petitioner is charged *only* with possessing firearms in furtherance of his

conduct in Count II, not possessing *and* using or carrying firearms. Accordingly, this

claim must fail.[2]

      Petitioner further contends his sentence was illegal because "Count III . . . fails to

charge the specific subsection [of § 924(c)] to trigger the five-year mandatory minimum

penalty. . ."  ECF No. 6 at 3–4.  As stated above, Petitioner's argument is based on the

fact that Count III contains an error: it states Petitioner's conduct is punishable under the

nonexistent subsection of 18 U.S.C. § 924(c)(1)(i) as opposed to the correct citation of 18

U.S.C. § 924(c)(1)(A)(i).  ECF No. 6 at 4.  Petitioner relies on *Gray v. United States*, 833

F.3d 919 (8th Cir. 2016), which held that the defendant was entitled to resentencing

where he was convicted for a more severe crime under the wrong statute, even though the

district court stated it would have imposed the correct sentence.  *Id.* at 924.  But the facts

---

[2]    Petitioner's case citations fail to support the contention that his indictment was duplicitous.  *See, e.g., United States v. Pleasant*, 125 F. Supp. 2d 173, 183 (E.D. Va. 2000) (finding that an indictment was inadequate where it "garbled" the language of § 924(c) to create a nonexistent crime); *Gamboa*, 439 F.3d at 809–10 (suggesting that both crimes listed in § 924(c) can be brought individually in an indictment).

in *Gray* are inapposite to those in the instant matter. There, petitioner was convicted and sentenced under 21 U.S.C. § 841(b)(1)(B), which carries a minimum statutory penalty of five years' imprisonment, but the factual basis of the plea agreement only supported a violation of 21 U.S.C. § 841(b)(1)(C), which carries no statutory minimum. *Id.* at 921. As a result, his guilty plea was involuntary and unknowing. *Id.* at 923.

Here, Petitioner was *not* charged under one statute and convicted under another; he was charged and convicted under § 924(c)(1)(A) and his conduct was punishable under subsection § 924(c)(1)(A)(i). Crim. ECF No. 24 at 2. While the language in Count III omitted the "(A)," this amounts to a harmless error—one that does not affect Petitioner's substantial rights. Fed. R. Crim. P. 52(a); 28 U.S.C. § 2111 ("[o]n the hearing of any appeal . . . the court shall give judgment . . . without regard to errors or defects which do not affect the substantial rights of the parties."); *Shinseki v. Sanders*, 556 U.S. 396, 407–08 (2009) (same); *Holder v. United States*, 721 F.3d 979, 999 (8th Cir. 2013) (same). In this regard, the Court further notes that the heading of the superseding indictment specifically and correctly references 18 U.S.C. § 924(c)(1)(A) as the operative statute. Crim. ECF No. 24. Thus, Defendant was not misled, and does not claim to have been misled as to the charge or the penalty.

Section 924(c)(1)(A)(i) carries a five-year statutory minimum, and Petitioner was appropriately sentenced to 60 months' imprisonment. As the relevant statute carries a statutory minimum, and the Court did not impose a sentence greater than the statutory maximum, no illegal sentence was imposed. *See United States v. Stobaugh,* 420 F.3d

12

796, 804 (8th Cir. 2005) ("a sentence is not illegal . . . unless it exceeds the statutory maximum for the offense of conviction."), *cert. denied,* 546 U.S. 1120.

For the reasons stated above, the government has met its burden to establish that Petitioner's claim is barred by waiver.

**B.    Petitioner's Claim is Untimely**

The Court will also address the issue raised by the government of the timeliness of Petitioner's motion.  Section 2255(f) proscribes a one-year limitations period for federal prisoners seeking relief.  As relevant here, a federal prisoner may file a § 2255 motion within one year of the date on which the judgment of conviction becomes final.  § 2255(f)(1).  Petitioner's conviction became final on May 3, 2019, and he filed his motion on April 8, 2024—nearly five years later.  However, equitable tolling may be applied to the one-year statute of limitations, *Odie v. United States*, 42 F.4th 940, 945 (8th Cir. 2022), which provides an otherwise time-barred petitioner an "exceedingly narrow window of relief."  *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001).

Here Petition acknowledges that his motion was filed outside the one-year limitations period.  But he contends that equitable tolling is warranted for the same reasons addressed above, namely because he stands "actually-innocent" as to Count III. ECF No. 6 at 6.   As discussed above, however, Petitioner has not established actual innocence, which requires him to show factual innocence, not mere legal insufficiency, *Bousley v. United States*, 523 U.S. 614, 623–24 (1998), and because he has not brought new evidence forward to demonstrate factual innocence.

13

Moreover, a petitioner seeking equitable tolling bears the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance[s] stood in his way and prevented timey filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and internal quotation marks omitted). To demonstrate diligence, the Eighth Circuit does not require a petitioner to undertake "repeated exercises in futility or exhaustion," but rather it requires "reasonable efforts." *Odie*, 42 F.4th at 946 (citation omitted). Regarding "extraordinary circumstances," they must be external to the plaintiff and not attributable to his own actions, *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002), and rise above a "garden variety claim of excusable neglect." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (citation omitted).

Here Petitioner has not satisfied either of the prongs laid out in *Holland*. He did not pursue his rights diligently, waiting almost five years to bring his motion, nor has he alleged any external, extraordinary circumstances that prevented timely filing. *Majeed v. United States*, No. 4:06CV552 CDP, 2008 WL 2559423, at *2 (E.D. Mo. June 23, 2008) (citing *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding equitable tolling unwarranted in cases where unrepresented petitioners allege a lack of legal knowledge or resources) (collecting cases); *see also Harris v. Mesmer*, No. 2:19-CV-33-ACL, 2021 WL 5564495, at *2 (E.D. Mo. Nov. 29, 2021) (denying equitable tolling where petitioner alleged her mental health issues placed her on suicide watch). Tolling is even less appropriate in this instance.

14

Because Petitioner filed his motion outside of the one-year limit contained in § 2255(f), and it does not qualify for equitable tolling, his motion is also untimely.

**Evidentiary Hearing**

An evidentiary hearing is not warranted in this case as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *See* 28 U.S.C. § 2255(b); *see also Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Tyler J. Kennedy's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2025.